UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HERBERT BROWN                                                                              PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:12cv228-DPJ-FKB

CAROLYN W. COLVIN, ACTING                                                               DEFENDANT
COMMISSIONER OF SOCIAL SECURITY

ORDER

This cause is before the Court on the Report and Recommendation [15] of the United States Magistrate Judge, after referral of hearing by this Court. Magistrate Judge Ball considered the parties' submissions and concluded that Defendant's Motion to Affirm the Decision of the Commissioner [12] should be granted and Plaintiff's Motion for Summary Judgment [10] should be denied. Plaintiff filed a timely Objection [16] to the Report and Recommendation, and the Commissioner filed a Response [17]. After reviewing the findings in the Report and Recommendation, together with Plaintiff's Objection and the Commissioner's Response, and being otherwise duly advised in the premises, the Court concludes that the Report and Recommendation should be adopted as the opinion of this Court.

In his Report and Recommendation, Judge Ball concluded that the Administrative Law Judge determined that Plaintiff does not suffer from *any* medically-determinable organic mental impairment, that substantial evidence supported that determination, and that substantial evidence therefore supported a finding that Plaintiff does not suffer from a *severe* organic mental impairment. Plaintiff's Objection raises three separate issues, the latter two of which flow from the former: (1) the conclusion that Plaintiff does not suffer from a severe mental impairment is not supported by substantial evidence, (2) the Residual Functional Capacity arrived at by the

ALJ, which did not incorporate limitations resulting from the alleged severe mental impairment, is therefore not supported by substantial evidence, and (3) due to "the presence of a vocationally significant mental impairment, the ALJ could not properly use the vocational rules of Appendix 2, Subpart P, of Social Security Regulations No. 4 to direct a conclusion that the Plaintiff is not disabled." Objection [16] at 2.[1] Because the Court agrees that substantial evidence supported the ALJ's conclusion that Plaintiff suffered from no "medically significant [mental] impairment," Plaintiff's second and third objections need not be addressed. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) (citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987)).

Plaintiff asserts that "the record contains three sources of information with regard to mental limitations," pointing to Plaintiff's school records and the reports of Drs. Bill Spears and Lisa Yazdani. Objection [16] at 3. Significantly, Plaintiff never identifies a diagnosis of any particular mental impairment, and the sparse medical record is devoid of any diagnosis.[2] Nor has Plaintiff pointed to any evidence suggesting he ever complained of any mental impairments or sought treatment therefor. And Plaintiff bears the burden of establishing that he suffers from a medically determinable impairment that renders him disabled. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994); *see* 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."). The ALJ's conclusion that he failed to do so is supported by substantial evidence, as fully explained by Judge Ball. *See* Report and Recommendation [15] at

---

[1] Plaintiff does not object to the ALJ's conclusion that his cervical disc disease, while a severe impairment, does not prevent Plaintiff from performing substantial gainful activity.

[2] The closest thing to a diagnosis is Dr. Spears's observation that Spears "would strongly suggest that [Plaintiff] is suffering from possible organicity or dementia." R. [9] at 153.

8 ("Dr. Yazdani's report provides substantial evidence for a finding that Plaintiff suffers from no medically-determinable organic mental impairment . . . .").

Turning to the one piece of evidence relied upon by Plaintiff and not specifically addressed by Judge Ball, Plaintiff's school records indicate that he was in special education classes through ninth grade, ultimately failed tenth grade, and, at almost 17 years old, had a fifth grade vocabulary and comprehension level. R. [9] at 125–26. Plaintiff apparently suggests that his school records establish an intellectual deficiency that renders him disabled. But "[a]lthough mental retardation qualifies as a non-exertional impairment, [b]elow-average intelligence alone does not constitute a non-exertional impairment." *Arce v. Barnhart*, 185 F. App'x 437, 439 (5th Cir. 2006) (internal quotation marks omitted) (citing *Selders*, 914 F.2d at 619); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 at 12.05 (defining mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning").[3]

Plaintiff asserts that the ALJ should have further developed the facts regarding Plaintiff's mental limitations. Objection [16] at 7. Plaintiff cites *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), for the proposition that the ALJ "has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." The *Ripley* court went on to explain that the ALJ "[u]sually . . . should request a medical source statement describing the types of work that the applicant is still capable of performing" in fulfilling this duty. *Id.* But that is precisely what occurred. Dr. Yazdani completed an Assessment of Ability to Do Work-Related Activities

---

[3]The Court notes that the school records pre-date Plaintiff's reported 15 year employment as a chicken catcher. That Plaintiff's then-present intellectual deficiencies did not prevent him from working as a chicken catcher substantially weakens Plaintiff's argument that the deficiencies evidenced by the school records now render him unable to engage in other substantial gainful activity.

(Mental) based on her examination of Plaintiff. R. [9] at 161–63. Her report complied with 20 C.F.R. § 404.1513(c)(2) (describing items that should be contained in a medical source opinion related to mental impairment). The ALJ did not fail to develop the facts, and his conclusion regarding the lack of a mental impairment is supported by substantial evidence.

For the foregoing reasons, the Court finds that the Report and Recommendation of the United States Magistrate Judge should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED that Plaintiff's objection to the Report and Recommendation is hereby overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court; Defendant's motion [12] is granted; Plaintiff's motion [10] is denied; the decision of the Commissioner is affirmed; and this action is dismissed with prejudice.

A separate judgment will be entered in accordance with the Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2013.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE